IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KARL TARTT and CEDRIC JENNINGS, ]
]
    Plaintiffs, ]
]
v. ]    NO. 3:09-cv-01179
]    JUDGE HAYNES
WILSON COUNTY, TENNESSEE, ]    MAGISTRATE JUDGE BRYANT
]
    Defendant. ]

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

1. **Jurisdiction and Venue.** This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 for Plaintiffs' alleged claims under 42 U.S.C. § 1983. Plaintiffs have alleged supplemental jurisdiction over the alleged state law claims under 28 U.S.C. § 1367.

2. **Parties' Theories of the Case.**

    a. **Plaintiffs' Theory of the Case.** Plaintiffs have brought two distinct claims: racially based disparate treatment and disparate impact.

        i. **Disparate Treatment under 42 U.S.C. 1981, Title VII, THRA**: This claim is based on the intent by Defendant Wilson County to discriminate against African Americans through a subjective, arbitrary, and ad hoc system of opportunity, hiring, initial placement, pay and promotion. Jobs are not advertised internally or externally and instead are offered to White friends and family with the intent of denying employment opportunities to African Americans. When African Americans are given the opportunity to apply and they are hired, they are placed in jobs that are lowest in pay and authority.

        (1) Plaintiff Karl Tartt applied for <u>any</u> job at the Wilson County Solid Waste Department and was told that no jobs were available at the time and that none had been available for seven months. In fact, four White males were hired within the seven month period and one White male was hired after

Mr. Tartt was told no jobs were available.

    (2) Plaintiff Cedric Jennings heard about a job opening within the Finance Department and was going to apply but the job was given to a White relative of another County employee who heard about the job by word-of-mouth. This word-of-mouth referral was done with the intent of denying job opportunities to African Americans like Plaintiff Cedric Jennings.

ii. **Disparate Impact under Title VII, THRA**: This claim is based on the system of employment opportunity, hiring, initial placement, promotion and pay by Defendant Wilson County that has a disparate impact on African Americans. The system consists of word-of-mouth referrals of job openings to White friends and families by White employees where the decision to hire, promote or increase pay is made subjectively by White supervisors.

    (1) Both Plaintiffs Karl Tartt and Cedric Jennings were in the market for employment, are within commuting distance of jobs at Wilson County government, were qualified for various available jobs, but were denied a fair opportunity to apply for these jobs as a direct result of the closed system of Wilson County.

b. **Defendant's Theory of the Case.** Defendant Wilson County denies that it discriminated against Plaintiffs and denies that Plaintiffs have any claims against Wilson County whatsoever. Plaintiff Tartt, a resident and citizen of Rutherford County, applied for a position in the Animal Control Department at a time when there were no available positions and none has been filled in Animal Control since that time. Plaintiff Tartt did not nor has he ever applied for a position in any other department. Plaintiff Jennings, a resident and citizen of Rutherford County, never applied for or expressed any interest whatsoever in a position with Wilson County; thus, he does not have a claim for discrimination.

Defendant denies that it has discriminated on the basis of race against Plaintiffs and/or on a class-wide basis. Specifically, Defendant denies that Plaintiffs or the putative class have any claims for discrimination whatsoever under disparate treatment or disparate impact theories.

Defendant denies that Plaintiffs have standing to sue and/or can pursue a claim on behalf of a purported "class" of African American citizens.

Defendant denies that Plaintiffs' suit can proceed as a putative class action.

3. **Schedule of Pretrial Proceedings.**

   a. **Rule 26(a)(1) Disclosures.** The parties shall make their Rule 26(a)(1) disclosures by the close of business on March 24, 2010.

   b. **Meeting of Counsel and Parties to Discuss Settlement Prospects.** Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

   c. **Other Pretrial Discovery Matters.** For the reasons expressed in open court, at this time discovery for all purposes is limited to the Wilson County Animal Control Department. All class discovery shall be completed by the close of business on May 29, 2010. All discovery-related statements shall be filed by the close of business on June 7, 2010.

   No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues

in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] on all claims shall be filed by the close of business on July 9, 2010, and any response thereto shall be filed by the close of business on August 9, 2010. Any reply shall be filed by the close of business on August 15, 2010.[2] Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in Megan_Gregory@tnmd.uscourts.gov.

All motions for class certification shall be filed by the close of business on July 1, 2010, and any response thereto shall be filed by the close of business on August 1, 2010. Any reply shall be filed by the close of business on August 15, 2010. Counsel shall e-mail memoranda of law to the Court's chambers in Megan_Gregory@tnmd.uscourts.gov

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01 Local Rules of Court (effective December 1, 2009) shall govern.

By the close of business on April 12, 2010, the plaintiffs shall declare to the defendant (not file with the Court) the identity of their expert

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court (effective December 1, 2009) relating to motions for summary judgment.

witnesses on class certification and provide all of the information specified in Rule 26(a)(2)(B).

By the close of business on May 12, 2010, the defendant shall declare to the plaintiffs (<u>not</u> file with the Court) the identity of its expert witnesses on class certification and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be declared to the opposing party (not filed with the Court) by the close of business on May 29, 2010. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule 39.01(c)(6) (effective December 1, 2009) relating to expert witnesses shall apply in this action, and strict compliance is required.

All other deadlines shall be set pending the decision on any motion for class certification.

d. **Stipulation of service by electronic means.** Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies. The attorney served in such manner shall send a reply email acknowledging receipt.

e. **Electronic Discovery.** The default provisions of Administrative Order 174 regarding e-discovery shall apply.

It is so **ORDERED.**

ENTERED this the 10 day of February, 2010.

                                                           William J. Haynes, Jr.
                                                           U.S. District Court Judge

Approved for entry:


By: s/ Jerry Gonzalez (with objection)
    Jerry Gonzalez, #18369
    2441-Q Old Fort Parkway
    Box 381
    Murfreesboro, TN 37128
    (615) 360-6060
    *Attorney for Plaintiffs*


DICKINSON WRIGHT PLLC

By: s/ Martin D. Holmes
    Jeffrey M. Beemer, #017247
    Martin D. Holmes, #012122
    Fifth Third Center, Suite 1401
    424 Church Street
    Nashville, TN 37219
    (615) 244-6538
    *Attorneys for Defendant*


NASHVILLE 38391-578 378840