# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| KARL TARTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:09-cv-01179 |
| | ) | Judge Sharp |
| WILSON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 87), Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment (Docket No. 92), to which Defendant responded (Docket No. 94) and Plaintiffs replied (Docket No. 97), and Plaintiffs' Fourth Motion to Defer or Deny Summary Judgment (Docket No. 98), to which Defendant responded (Docket No. 102). The Court will discuss the pending motions in turn.

**I.     Plaintiffs' Motion to Strike**

Plaintiffs ask the Court to strike Defendant's Motion for Summary Judgment because it violates the Court's prohibition on filing partial summary judgment motions without leave of the Court. Defendant responds that such a motion is not a "pleading" within the meaning of Federal Rule of Civil Procedure ("Rule") 7(a) and is thus not susceptible to a motion to strike; that its motion is dispositive of all claims; and that partial summary judgment motions are permitted without leave under the Initial Case Management Order. In fact, the Court has no standing prohibition on partial motions for summary judgment, as a review of the Court's Sample Initial Case Management Order (http://www.tnmd.uscourts.gov/files/20120801SharpICMO.pdf)

confirms. Nor are they prohibited by the Initial Case Management Order in this case. (Docket No. 41). Accordingly, Plaintiffs' Motion to Strike will be denied.

## II.     Plaintiffs' Motion to Defer or Deny

Plaintiffs next ask the Court to defer or deny summary judgment until further discovery is completed. Plaintiffs cite an "avalanche" of evidence demonstrating that Chief Judge Haynes' repeated rulings on the scope of discovery in this case were "clearly erroneous" and should be reconsidered. (Docket No. 99 at 8). Defendant responds that the limitations placed on discovery by the Court in February 2010 (Docket No. 37) and reiterated in September 2010 (Docket No. 59) were appropriate in light of Plaintiff Tartt's Equal Employment Opportunity Commission (EEOC) Charge of Discrimination and Plaintiff Jennings' failure to file or even to recall intending to file a job application, and thus not an abuse of discretion. (Docket No. 102).

This case was transferred to this Court in June 2011, long after the predecessor Court's repeated rulings on the scope of discovery, and well after the date discovery was to have concluded. When a case is transferred to a successor judge, he or she "has the same discretion to reconsider an order as would the first judge" but "should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009). "The question of what circumstances justify revisiting a ruling previously made by a judge of coordinate jurisdiction is case specific," but guided by the following principles:

> First, reconsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative. . . . Second, reconsideration may be warranted if there has been a material change in controlling law. . . . Third, reconsideration may be undertaken if newly discovered evidence bears on the question. . . . Lastly, reconsideration may be appropriate to avoid manifest injustice. . . . . In that regard, however, neither doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to

2

> justify reconsideration. . . . For this purpose, there is a meaningful difference between an arguably erroneous ruling (which does not justify revisitation by a co-equal successor judge) and an unreasonable ruling that paves the way for a manifestly unjust result.

*Ellis v. United States*, 313 F.3d 636, 647 (1st Cir. 2002) (internal citations collecting numerous authorities from various circuits omitted).

Plaintiffs caption their motion a Rule 56(d) request for more time to complete discovery, but in effect they ask the Court to modify the scope of discovery in this case under Rule 26(b)(1). "The scope of discovery is . . . within the broad discretion of the trial court." *Lewis v. ACB Bus. Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). While the scope of discovery is usually quite broad, the test is whether the materials sought are "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Moreover, "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Doan v. NSK Corp.*, 97 F. App'x 555, 557 (6th Cir. 2004) (internal citations omitted). Given the jurisdictional restriction, it would not be unreasonable for a court to limit discovery to what the EEOC did or could have reasonably been expected to investigate.

The record indicates that Chief Judge Haynes did precisely that in this case, limiting discovery to the actual claims at hand. The principles underlying revisiting a coordinate court's ruling also lend no support to Plaintiffs' request that the Court modify a long-settled discovery question. First, to the extent the initial discovery ruling was preliminary or tentative, Chief Judge Haynes revisited and ratified it after further discovery and briefing by the parties. Second, there have been no material changes in controlling law that have been brought to the Court's attention. Third, no evidence discovered since September 2010 counsels in favor of revisiting the question. Fourth, the limits on discovery in this case are not "unreasonable" and do not work "manifest

injustice," a much higher burden than "arguably erroneous." Finally, this case has dragged on through a docket division and long periods of dormancy, and the parties' positions have not changed. In the interest of finality and justice, the parties are entitled to a judgment on the merits from which one side can appeal.

"Rule 56(d) does not permit a 'fishing expedition,' in which one party simply hopes to uncover some evidence that may help its case. *Peltier v. Macomb County, Mich.*, No. 10-cv-10796, 2011 WL 3320743 (E.D. Mich. Aug. 2, 2011) (citing *Duffy v. Wolle,* 123 F.3d 1026, 1041 (8th Cir.1997)). The Sixth Circuit has affirmed the denial of Rule 56(d) motions where "further discovery would not have changed the legal and factual deficiencies," even if parties were given an insufficient time for discovery. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (quoting *Maki v. Laakko,* 88 F.3d 361, 367 (6th Cir. 1996), *cert. denied,* 519 U.S. 1114 (1997)). Indeed, while it is "generally an abuse of discretion to deny a Rule 56[(d)] motion in the absence of *any* opportunity for discovery," *id.* at 421, in this case the parties took numerous depositions and served dozens of interrogatories over the past three years. Plaintiffs may differ with the scope of discovery allowed, but that decision was not unreasonable. Accordingly, their motion will be denied.

### III.    Defendant's Motion for Summary Judgment

The Court will reserve ruling on Defendant's Motion for Summary Judgment. Plaintiffs shall file a response to the pending motion within twenty-one (21) days after the entry of this Order. Defendant may file an optional reply within fourteen (14) days after the filing of the response.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment is DENIED. Plaintiffs' Motion to Deny or Defer Defendant's Motion for Summary Judgment is DENIED. Ruling is reserved on Defendant's Motion for Summary Judgment.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE